**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

JOSE WALTEROS,

     Plaintiff,

vs.

UNITED STATES OF AMERICA DRUG
ENFORCEMENT ADMINISTRATION,

     Defendant.

_____/

**COMPLAINT/MOTION/PETITION TO SET ASIDE DEA ADMINISTRATIVE**
**FORFEITURE AND MOTION FOR RETURN OF PROPERTY**

PLAINTIFF/CLAIMANT, JOSE WALTEROS, by and through undersigned
counsel and pursuant to 18 U.S.C. §983(e) and Federal Rule of Criminal Procedure
41(g), moves this Court to set aside the administrative forfeiture of Two Hundred Twelve
Thousand Four Hundred Thirty Dollars and Zero Cents ($212,430.00) in U.S. Currency
("Subject Property") entered by the United States of America Drug Enforcement
Administration ("DEA") on or about May 2, 2017, and for the return of said property
which based on information and belief was seized without a judicial warrant.

**I.     INTRODUCTION**

On July 2, 2016, DEA agents arrested Subject Property on Miami Beach without
a warrant. Subject Property was seized from the possession of Plaintiff Jose Walteros.
On May 2, 2017, the DEA administratively forfeited Subject Property which is claimed
by Jose Walteros. Pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA") codified

1

at 18 U.S.C. §983(e) "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute".

II.    **JURISDICTION AND VENUE**

This Court has jurisdiction and venue over this matter as the Drug Enforcement Administration ("DEA") is an agency of the United States and the Defendant. Additionally, the Subject Property was seized and arrested on Miami Beach, Florida, on July 2, 2016, and Miami Beach is within the district of this Court. See 28 U.S.C. §1355(b); Federal Rule of Civil Procedure 41(g)(Motion to Return Property - A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings).

III.    **FACTUAL ALLEGATIONS**

1.    On July 2, 2016, individuals who were later determined to be DEA agents seized the Subject Property from the physical and actual possession of Claimant Jose Walteros (hereinafter "Claimant" and/or "Walteros") in the parking area of the Parisian/Geneva Hotel & Suites located at 1510 Collins Avenue, Miami Beach, Florida 33139.

2.   At that time, Claimant Walteros notified said agents in Spanish that he and his family were staying there at the Parisian/Geneva Hotel & Suites and would be staying there for a few days.[1]

3.   The agents seized the $212,430.00 in U.S. Currency but did not provide Walteros with any identifying business cards or a property receipt documenting the seizure of the money or how he could claim its return. See attached Exhibit A (Composite).

4.   A few days later, Claimant Walteros returned with his family to their residence in Colombia and from there hired a local Florida investigator to find out who had taken his money, why the money had been taken, and what he needed to do to claim return of the money.

5.   The investigator then spent months investigating and trying to figure out who had the currency and discovered that it had been seized by the DEA.

6.   Thereafter, on or about January 23, 2017, Claimant Walteros retained undersigned counsel to locate the money within the DEA and claim its return.

7.   That same day, January 23, 2017, undersigned counsel sent the DEA a correspondence claiming the money and provided the DEA with a verified claim requesting return of the money and requesting judicial review. See attached Exhibit A (Composite).

8.   On or about February 23, 2017, the DEA responded to undersigned's correspondence and indicated in pertinent part that the time for claimants to file a

---

[1] The agent that briefly questioned Walteros spoke Spanish.

verified claim requesting judicial review had expired. See attached Exhibit B (Composite).

9.      On or about March 14, 2017, undersigned counsel forwarded a second correspondence and verified claim to the DEA requesting judicial review of the seizure and a Freedom of Information Act ("FOIA") request requesting copies of the DEA file regarding this matter. See attached Exhibit C (Composite).

10.     On or about April 13, 2017, the DEA responded to undersigned's March 14, 2017, correspondence and again denied Walteros request for judicial review and disputed Walteros affirmation regarding the facts surrounding the seizure of his money at the Parisian/Geneva Hotel & Suites.[2] See attached Exhibit D.

11.     On or about April 21, 2017, Walteros again forwarded a verified claim to the DEA and requested that the DEA refer this matter for judicial review. In said correspondence, undersigned counsel also requested the status of the FOIA request regarding this matter which had been received by the DEA on March 20, 2017. See attached Exhibit E (Composite).

12.     On or about June 7, 2017, the DEA responded to undersigned counsel's April 21, 2017, correspondence notifying the undersigned that the DEA had administratively forfeited the Subject Property on May 2, 2017, which is more than three (3) months *after* Walteros had initially notified the DEA of his claim and requested that this matter be referred for judicial review. See attached Exhibit F.

---

[2] To date, the DEA has not responded to Walteros FOIA request or produced any reports regarding the seizure on July 2, 2016.

13.     The DEA's failure to refer this matter for judicial review has necessitated the filing of this action and resulted in Claimant Walteros incurring attorney fees and costs.

## MEMORANDUM

Judicial review, due process, is one of the bedrocks and pillars that this great country is built on. See Fuentes vs. Shevin, 407 U.S. 67 (1972). Due process allows an impartial judge to review Government conduct such as a warrantless search and seizure of property and thereby keep the Government from overreaching. The Government and its agencies such as the DEA however prefer to avoid judicial scrutiny when it comes to their conduct, practices, and omissions if at all possible.

A motion to set aside an administrative forfeiture of private property is the only remedy available to owners who have had their property seized and administratively forfeited by a Government agency. See 18 U.S.C. § 983(e)(5)("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.").

In order to set aside an administrative forfeiture of private property, an interested party must show that she did not receive written notice of the seizure from the agency that seized her property. She must also show that she did not know or have reason to know of the seizure within sufficient time to file a timely claim. Specifically, 18 U.S.C. § 983(e)(1) states

"(e) Motion to set Aside Forfeiture (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if – (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the

moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."

I.    **The DEA knew that Walteros was an interested party entitled to written notice of the seizure**

Here the DEA agents knew that Walteros was entitled to written notice of the seizure because the money was taken from his actual physical possession on July 2, 2016. The DEA agents who seized the money also knew that Walteros was staying with his family at the Parisian/Geneva Hotel & Suites on Miami Beach because that is where they took his money and where Walteros told them that he was temporarily staying for a few more days. See attached Exhibit G (Composite).

Despite that knowledge, the DEA agents did not take reasonable steps to provide Walteros with *any type* of written notice of the seizure. This is evident because the agents failed to provide Walteros with a property receipt identifying which agency had taken his money, a business card to identify which agents had seized his money, or any other type of information that Walteros could use to locate and claim return of his money. See attached Exhibit A (Composite). Most importantly, the agents *knew* that Walteros would only be at the Parisian/Geneva Hotel & Suites temporarily and yet did not make sure to expedite delivery of a written DEA notice of seizure so that Walteros could know where his property was and what he needed to do to claim it. [3]

---

[3] Upon learning that Walteros was only going to be at the Parisian/Geneva Hotel & Suites on Miami Beach for a few more days, the DEA agents needed to act diligently in order to make sure that they provided Walteros with a written notice of seizure "in a manner to achieve proper notice as soon as practicable" as is specifically required by CAFRA. See 18 U.S.C. § 983(a)(1)(A)(i)(in pertinent part "… notice shall be sent in a manner to achieve proper notice as soon as practicable …"). However, the DEA agents did not do so and instead sent out a written notice of seizure in the regular course to the Deauville Hotel where the agents *knew* Walteros was no longer staying and where the agents *knew* Walteros had relocated from on July 2, 2016.

## II.   Walteros did not know of the particulars of the seizure within sufficient time to file a timely claim

Although Walteros knew that his money had been seized on July 2, 2016, at the Parisian/Geneva Hotel & Suites on Miami Beach because he was present when the money was seized from him, he did not know the *particulars* of the seizure. That is why it is so important for agencies that seize property for forfeiture to provide written notice of the seizure in a prompt and timely fashion. See 18 U.S.C. § 983(a)(1)(A)(i)(requiring a Government agency to send written notice of the seizure to interested parties "in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of seizure.").

Delivery of an agency's written notice of seizure to interested parties is crucial to filing a *timely* claim because it provides the owner of the seized property with the name of the agency that seized the property, the asset identification number, the legal reason for the seizure, the options available to the owner in order to claim return of the property, the *deadlines* to file a claim to the property, the address where the claim must be submitted, etc … Without said written notice, it is very difficult for a property owner to properly and *timely* claim return of his seized property.

Here, the Subject Property was taken from Walteros in the presence of his wife, son, and other bystanders. That much he knew. However, what Walteros did not know was who had seized his money, who he needed to contact to claim return of his money, what if anything he needed to file with the seizing agency to claim return of his money, and, most importantly, the *deadline* for him to file a verified claim so that he could request judicial review in a timely fashion.

Indeed, at no time did Walteros receive a DEA notice of seizure informing him and notifying him of all these critical facts. See Muhammed vs. Drug Enforcement Agency, 92 F.3d 648 (8th Cir. 1996)(In proceeding for administrative forfeiture of property seized by Government, due process requires that notice be reasonably calculated, under all the circumstances, to apprise the party of the action against it and afford the opportunity to object; in order to adequately perform this function, *notice must include all critical information*). Without receiving a formal notice of seizure, Walteros and any other person aggrieved by a Government seizure of their property are left in the dark.

Here, despite being in the dark, upon returning to Colombia, Walteros expended money and hired an investigator to try and locate his money. Once the money was located, Walteros hired undersigned counsel to formally claim return of his money from the DEA through the courts. On January 26, 2017, the DEA received a correspondence from undersigned counsel claiming return of the Subject Property and filing a verified claim on behalf of Walteros. See attached Exhibit B (Composite)(where the DEA acknowledged receipt of undersigned counsel's January 23, 2017, correspondence and verified claim). Thereafter, on May 2, 2017, over three months later and *despite knowing* that Walteros objected to any forfeiture, the DEA further violated Walteros due process rights by administratively forfeiting the subject Property. See Ramirez vs. United States, 767 F. Supp. 1563, 1570 (M.D. Fla. 1991)(where the court concluded that if the government actually knows a citizen is contesting forfeiture, proceeding with administrative forfeiture violates due process).

8

## CONCLUSION

Having seized the Subject Property without a warrant and then proceeding with an administrative forfeiture *despite knowing* that Walteros objected to such forfeiture, the DEA should be ordered pursuant to Federal Rule of Criminal Procedure 41(g) to return the Subject Property to Walteros and be precluded from pursuing a forfeiture action against the Subject Property at any time in the future. To dispose of this case otherwise would empower the government to skirt its due process obligations knowing that the worst that could happen is that it be ordered to restart the forfeiture process again through the courts.

WHEREFORE it is respectfully requested that this Court set aside the administrative forfeiture entered by the DEA against the Subject Property on or about May 2, 2017, order the DEA to return the Subject Property to Walteros, preclude the DEA from seeking to forfeit the Subject Property at any time in the future, and order any further relief this Court may deem just, necessary, and appropriate under the circumstances.

Dated: October 4, 2017

Respectfully submitted,

By: _____/S/_____
Juan D. Berrio
FL Bar No. 0236070

BERRIO & BERRIO, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

9

# **<u>EXHIBIT A</u>**

## (COMPOSITE)

**BERRIO & BERRIO, P.A.**
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

January 23, 2017

Via U.S. Mail-Certified Receipt Requested
#7001 2510 0002 1803 9445

DEA Forfeiture Counsel
Asset Forfeiture Section
8701 Morrissette Drive
Springfield, VA 22152

      Re:   Claimant: Jose Walteros
            Property Seized: $212,430.00 in U.S. Currency
            Date of Seizure: July 2, 2016
            Place of Seizure: Miami Beach, Florida

Dear Sir/ Madam:

     Please be advised that this office represents Jose Walteros who had the above referenced currency seized from him on or about July 2, 2016, in Miami Beach, Florida. Mr. Walteros is a Colombian national who resides in Colombia and at the time of seizure was *not* provided with a property receipt, case number, business card, or any other type of identifying information from the agents that seized his money. He hired this office to locate and claim return of his money and after much investigation it has been determined that the money was seized by the DEA.

     Therefore, enclosed, please find a verified claim in compliance with the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 USC 983(a)(2). Should your office be interested in resolving this matter amicably without the need for protracted litigation, please contact this office. Otherwise, please refer this matter to the United States Attorney's office for the Southern District of Florida as the currency was seized in said District. Thank you for your anticipated attention to this matter.

                      Sincerely,

                      Juan D. Berrio, Esq.

## VERIFIED CLAIM

Re:   Claimant: Jose Walteros
Property Seized: $212,430.00 in U.S. Currency
Date of Seizure: July 2, 2016
Place of Seizure: Miami Beach, Florida

1.   <u>English</u>: My name is Jose Walteros and I reside in Colombia.

<u>Spanish</u>: Mi nombre es Jose Walteros y yo resido en Colombia.

2.   <u>English</u>: I claim return of approximately $212,430.00 in U.S. Dollars which was taken from me on or about July 2, 2016 while I was in Miami Beach, Florida.

<u>Spanish</u>: Reclamo que me devuelvan aproximadamente $212,430.00 dolares que me quitaron el 2 de Julio del 2016 mientras que yo estaba en Miami Beach, Florida.

3.   <u>English</u>: I am the owner of said money and it represents proceeds from my legal commercial dealings.

<u>Spanish</u>: Soy el dueño de ese dinero y representa dinero de mis negocios comerciales legitimos.

4.   <u>English</u>: At the time of seizure, I was not provided with any receipts, business cards, names, case numbers, or any information on how to claim return of my money. I returned to my home in Colombia and have had to hire Berrio & Berrio, P.A., to locate and claim return of my money.

<u>Spanish</u>: En el momento de la incautacion, no me dieron recibo, tarjetas de negocio,



1



nombres, numeros de caso, o cualquier informacion sobre como reclamar la devolucion de mi dinero. Regrese a mi casa en Colombia y he tenido que contratar a Berrio & Berrio, P.A., para localizar y reclamar la devolucion de mi dinero.

6. **English**: I hereby authorize my attorneys at Berrio & Berrio, P.A., to act in my stead with regard to my claim.

   **Spanish**: Autorizo a mis abogados de Berrio & Berrio, P.A., que actuen de mi parte en mi reclamo.

7. **English**: My seized monies should be returned to Berrio & Berrio, P.A.-Trust Account.

   **Spanish**: Mi dineros decomisados deben de ser devueltos a Berrio & Berrio, P.A. Trust Account.

8. **English**: I declare under penalty of perjury that the information provided in support of this verified claim is true and correct to the best of my knowledge and belief.

   **Spanish**: Declaro bajo penalidad de perjurio que la informacion apoyando este reclamo es cierta y correcta segun mi saber y conocimiento.

_____
Jose Walteros
No. de Cedula   7 9 7 5 9 7 4 3



2



Notaría Tercera

**DILIGENCIA DE AUTENTICACIÓN DE FIRMA Y HUELLA**

Ante la NOTARÍA 3 de este Círculo, Compareció

**WALTEROS ORTIZ JOSE JAIR**

quien se identificó con   C.C.   79759743

y declaró que la firma y huella dactilar que aquí aparecen, son suyas y por lo tanto son auténticas.

Bogota D.C.   23/01/2017   a las   10:49:13 a. m.

8h5gh6t5v5rfvrf6

COD125OCW9SBR8SY

www.notariaenlinea.com

HUELLA DEL INDICE
DERECHO

**HÉCTOR ADOLFO VENTURA VARELA**
**NOTARIO 3 DEL CÍRCULO DE BOGOTA**



Certified Mail # 7001 2510 0002 1803 9445

DEA Forfeiture Counsel
Asset Forfeiture Section
8701 Morrissette Drive
Springfield, VA 22152

7001 2510 0002 1803 9445

Berrio & Berrio, P.A.
Attorneys at Law

2333 Brickell Avenue
Suite A-1
Miami, Florida 33129

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

SPRINGFIELD, VA 22152

| | |
|---|---|
| Postage | $2.75 |
| | $3.35 |
| Certified Fee | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| | $0.45 |
| Total Postage & Fees | $6.50 |

Sent To DEA Forfeiture Counsel

Street, Apt. No. or PO Box No. 8701 Morrissette Drive

City, State, ZIP+4 Springfield, VA 22152

SNAPPER CREEK BRANCH MIAMI FL 33176
Postmark Here
USPS
01/23/2017

# <u>EXHIBIT B</u>

## (COMPOSITE)

**U. S. Department of Justice**

Drug Enforcement Administration

---

*www.dea.gov*

FEB 2 3 2017

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Juan D. Berrio, Esq.
Berrio & Berrio, P.A.
2333 Brickell Avenue, Suite A-1
Miami, FL 33129

RE: DEA Case No.:   G1-12-0446
    Asset I.D. No.:   16-DEA-623423
    Property:   $212,430.00 U.S. Currency
    Client:   Jose Walteros

Dear Mr. Berrio:

    The Drug Enforcement Administration (DEA), Asset Forfeiture Section, received your client's Verified Claim regarding the above-referenced property on January 26, 2017. Please be advised that the time period for filing such a claim has expired.

    In your letter, you assert that your client, Mr. Walteros, did not receive notification of the administrative forfeiture proceedings or a property receipt for the seized currency. According to our records, on July 2, 2016, when the currency was seized, a DEA-Receipt for Cash or Other Items form was given to Mr. Walteros by a DEA agent (redacted copy enclosed). During the investigation leading to the seizure, Mr. Walteros refused to provide a mailing address when he was asked to do so by special agents. DEA sent Mr. Walteros two notices to the only address that was known: Jose Walteros c/o the Deauville Hotel,t 6701 Collins Avenue, Miami Beach, FL 33141. On August 12, 2016, DEA sent your client a Notice of Seizure letter via Certified Mail – Return Receipt Requested in care of the Deauville Hotel. The United States Postal Service (USPS) returned the letter as "Return to Sender Attempted - Not Known." On September 6, 2016, DEA sent your client a second Notice of Seizure letter via First Class mail to the same address. This letter was returned as "Return to Sender Attempted - Not Known." After further verification, no additional addresses were found for Mr. Walteros as he is a foreign national. DEA fulfilled its constitutional duty to provide notice to your client at his last known address of record. Your client apparently had actual notice of the proceedings, as he (or some other unknown partly) engaged an attorney to call DEA Headquarters, Asset Forfeiture Section on November 9, 2016, to inquire concerning the seizure.

    DEA published this seizure for four (4) consecutive weeks on the www.forfeiture.gov website, beginning Monday, August 29, 2016. The advertisement of the notice of seizure in the Internet publication is for other interested parties, who have not received a notice letter from the DEA, to

submit a claim or petition for the seized property. The internet publication of notice of seizure for the currency clearly indicated that the last date to file a claim was October 28, 2016. Accordingly, the claim is being returned you.

Your client may request the return of this property through DEA (administratively), by submitting a Petition for Remission or Mitigation of Forfeiture. A petition is a statement of the facts and circumstances which your client believes justifies the return of the property, supported by verifiable documentation. The petition process does not involve a hearing. A petition must also be properly signed by the Petitioner. See 28 C.F.R. § 9.3(e)(2). If an individual authorized to administer oaths is not available, you may use the following language:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Petitioner's signature)."

As a matter of discretion, your client shall be provided **thirty (30) days** from the date of your receipt of this letter to submit a petition for remission or mitigation of forfeiture with the Forfeiture Counsel at the address noted below. For additional information regarding the administrative forfeiture process and petitions for remission or mitigation, your attention is directed to the written and publication notice of this seizure, as well as 28 C.F.R. Part 9.

Further correspondence/petitions regarding this matter must reference the DEA and asset identification numbers noted above and must be addressed to the Forfeiture Counsel, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, Virginia 22152. A petition will be deemed *filed (or submitted)* on the **business date** it is actually received by the Forfeiture Counsel at the address listed above. **Mail will not be accepted nor considered filed at either address on weekends or federal holidays.** A petition is not considered filed or submitted when it is received by any other office or official, such as a court, United States Attorney's Office, or local DEA office. In addition, a petition is not considered filed or submitted if received by an electronic fax transmission. Finally, a petition is not considered filed or submitted on the date it is mailed or delivered to any person for delivery to the Forfeiture Counsel.

Sincerely,

Merri Hankins
Senior Attorney
Asset Forfeiture Section

Enclosure

U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION
## RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address (including ZIP CODE), if applicable)

*Walteros, Jose*

| FILE NO. | G-DEP IDENTIFIER |
|---|---|
| FILE TITLE *Operation* | |
| DATE *09/02/2016* | |

DIVISION/DISTRICT OFFICE

*Miami Field Division*
*Group #12*

I hereby acknowledge receipt of the following described cash or other item(s),
which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 1 | *Undetermined Amount of United States Currency Bundled & Secured w/ Rubber bands.* | |
| | *LAST ITEM* | |

RECEIVED BY (Signature)

NAME AND TITLE (Print or Type)   *TFO*

WITNESSED BY (Signature)

NAME AND TITLE (Print or Type)   *TFO*

FORM DEA-12 (8-02) Previous editions obsolete

Electronic Form Version Designed in JetForm 5.2 Version

**BERRIO & BERRIO, P.A.**
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

January 23, 2017

Via U.S. Mail-Certified Receipt Requested
#7001 2510 0002 1803 9445

DEA Forfeiture Counsel
Asset Forfeiture Section
8701 Morrissette Drive
Springfield, VA 22152

> Re:   Claimant: Jose Walteros
>         Property Seized: $212,430.00 in U.S. Currency
>         Date of Seizure: July 2, 2016
>         Place of Seizure: Miami Beach, Florida

Dear Sir/ Madam:

    Please be advised that this office represents Jose Walteros who had the above referenced currency seized from him on or about July 2, 2016, in Miami Beach, Florida. Mr. Walteros is a Colombian national who resides in Colombia and at the time of seizure was *not* provided with a property receipt, case number, business card, or any other type of identifying information from the agents that seized his money. He hired this office to locate and claim return of his money and after much investigation it has been determined that the money was seized by the DEA.

    Therefore, enclosed, please find a verified claim in compliance with the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 USC 983(a)(2). Should your office be interested in resolving this matter amicably without the need for protracted litigation, please contact this office. Otherwise, please refer this matter to the United States Attorney's office for the Southern District of Florida as the currency was seized in said District. Thank you for your anticipated attention to this matter.

Sincerely,

Juan D. Berrio, Esq.

2017 JAN 26 PM 3:31

ASSET FORFEITURE SECTION

## VERIFIED CLAIM

Re:    Claimant: Jose Walteros
       Property Seized: $212,430.00 in U.S. Currency
       Date of Seizure: July 2, 2016
       Place of Seizure: Miami Beach, Florida

1.    **English:** My name is Jose Walteros and I reside in Colombia.

      **Spanish:** Mi nombre es Jose Walteros y yo resido en Colombia.

2.    **English:** I claim return of approximately $212,430.00 in U.S. Dollars which was
      taken from me on or about July 2, 2016 while I was in Miami Beach, Florida.

      **Spanish:** Reclamo que me devuelvan aproximadamente $212,430.00 dolares que me
      quitaron el 2 de Julio del 2016 mientras que yo estaba en Miami Beach, Florida.

3.    **English:** I am the owner of said money and it represents proceeds from my legal
      commercial dealings.

      **Spanish:** Soy el dueño de ese dinero y representa dinero de mis negocios comerciales
      legitimos.

4.    **English:** At the time of seizure, I was not provided with any receipts, business cards,
      names, case numbers, or any information on how to claim return of my money. I
      returned to my home in Colombia and have had to hire Berrio & Berrio, P.A., to
      locate and claim return of my money.

      **Spanish:** En el momento de la incautacion, no me dieron recibo, tarjetas de negocio,



1





nombres, numeros de caso, o cualquier informacion sobre como reclamar la devolucion de mi dinero. Regrese a mi casa en Colombia y he tenido que contratar a Berrio & Berrio, P.A., para localizar y reclamar la devolucion de mi dinero.

6.   <u>English</u>: I hereby authorize my attorneys at Berrio & Berrio, P.A., to act in my stead with regard to my claim.

<u>Spanish</u>: Autorizo a mis abogados de Berrio & Berrio, P.A., que actuen de mi parte en mi reclamo.

7.   <u>English</u>: My seized monies should be returned to Berrio & Berrio, P.A.-Trust Account.

<u>Spanish</u>: Mi dineros decomisados deben de ser devueltos a Berrio & Berrio, P.A. Trust Account.

8.   <u>English</u>: I declare under penalty of perjury that the information provided in support of this verified claim is true and correct to the best of my knowledge and belief.

<u>Spanish</u>: Declaro bajo penalidad de perjurio que la informacion apoyando este reclamo es cierta y correcta segun mi saber y conocimiento.

Jose Walteros
No. de Cedula  _7 9 7 5 9 7 4 3_

2

2011 JAN 26 PM 3: 31

ASSET FORFEITURE SECTION



**N**otaría
Tercera

DILIGENCIA DE AUTENTICACIÓN DE
FIRMA Y HUELLA

Ante la NOTARÍA 3 de este Círculo, Compareció

**WALTEROS ORTIZ JOSE JAIR**
quien se identificó con   C.C.   79759743
y declaró que la firma y huella dactilar que aquí aparecen, son suyas y
por lo tanto son auténticas.

Bogota D.C   23/01/2017   a las   10:49:13 a. m.
6h6gh6t5v5rfvrf6

HECTOR ADOLFO SEGURA VARELA
NOTARIO 3 DEL CIRCULO DE BOGOTA

www.notariaenlinea.com

HUELLA DEL INDICE
DERECHO



# **<u>EXHIBIT C</u>**

## (COMPOSITE)

**BERRIO & BERRIO, P.A.**
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

March 14, 2017

Via U.S. Mail-Certified Receipt Requested
#7014 3490 0002 3374 7880

Merri Hankins (Senior Attorney)            **DUE PROCESS REQUEST**
Forfeiture Counsel
Drug Enforcement Administration (DEA)
8701 Morrissette Drive
Springfield, VA 22152

      Re:     DEA Case No. G1-12-0446
               Asset ID No. 16-DEA-623423
               Claimant: Jose Walteros
               Property Seized: $212,430.00 in U.S. Currency
               Date of Seizure: July 2, 2016
               Place of Seizure: Miami Beach, Florida

Dear Ms. Hankins:

      The purpose of this correspondence is to request that the DEA reconsider its decision to *not* refer this claim for judicial review through the courts as documented in its February 23, 2017 letter. Again, Mr. Walteros is requesting *due process* through the courts and for that purpose, enclosed, please find the Verified Claim that was previously forwarded to the DEA.

      The DEA should refer this case for judicial review because its Notice of Seizure was *insufficient* under all the circumstances and it *did not* take additional reasonable steps to provide Mr. Walteros with actual notice of his options to claim return of his money. Indeed, the DEA knew that the Deauville Hotel was *not* Mr. Walteros permanent address. The DEA also knew that Mr. Walteros was staying at the Deauville Hotel temporarily on or about July 2, 2016 when his subject currency was seized on Miami Beach. Thereafter, on or about August 12, 2016, more than forty (40) days after Mr. Walteros money was seized and according to DEA records, the DEA sent Mr. Walteros a Notice of Seizure to the Deauville Hotel.

1

As you know, by the time the DEA Notice of Seizure arrived via certified mail to the Deauville Hotel, Mr. Walteros was *no* longer staying there so the United States Postal Service (USPS) returned the letter as "Return to Sender Attempted – Not Known." At that time the DEA knew that Mr. Walteros was no longer staying at the Deauville Hotel and could have reached out to the Deauville Hotel to obtain a mailing address for Mr. Walteros. Instead, on September 6, 2016, the DEA sent Mr. Walteros a second Notice of Seizure to the same Deauville Hotel via First Class mail. As the DEA should have expected, the second letter was also returned by the USPS as "Return to Sender Attempted – Not Known."

Significantly, on or about July 2, 2016, the day of the seizure, Mr. Walteros relocated from the Deauville Hotel to the Parisian/Geneva Hotel which is also on Miami Beach and it was precisely at the Parisian/Geneva Hotel, *not the Deauville Hotel*, where the DEA agents approached Mr. Walteros and seized his money. Therefore, if the DEA agents were truly interested in actually providing Mr. Walteros with actual notice of the seizure, they would have informed your office (DEA headquarters) that Mr. Walteros had relocated to the Parisian/Geneva Hotel on the day they took his money so that your office could have also mailed a DEA Notice of Seizure to Mr. Walteros at the Parisian/Geneva Hotel.

The DEA's arguments that Mr. Walteros received a DEA-Receipt for Cash or Other Items form at the time of seizure, refused to provide a mailing address, and had actual knowledge that his money was seized on July 2, 2016, *do not* relieve the DEA's constitutional obligation to provide good notice to Mr. Walteros before his money can be forfeited. In fact, in his verified claim, Mr. Walteros swore under penalty of perjury that "[A]t the time of seizure, I was not provided with any receipts, business cards, names, case numbers, or any information on how to claim return of my money. I returned to my home in Colombia and have had to hire Berrio & Berrio, P.A., to locate and claim return of my money." See enclosed verified claim π 4.

Significantly, the DEA-Receipt for Cash or Other Items form provided by your office *does not* contain Mr. Walteros signature. If Mr. Walteros had indeed received said DEA-Receipt for Cash or Other Items form at the time of seizure, I am sure the DEA agents would not have redacted his signature.

The DEA's argument that Mr. Walteros refused to provide a mailing address is also belied by the fact that he has been actively trying to locate his money by communicating with the DEA. If he did not want the DEA to know his identifying information then he would not be reaching out to the DEA to claim return of his money. In fact, the DEA admits that it knew as far back as November 9, 2016 that Mr. Walteros was attempting to locate his money.

Finally, the DEA's argument that Mr. Walteros had actual notice that his money was seized on July 2, 2017 on Miami Beach is *not* disputed. Mr. Walteros did know his money was seized. He knew it was seized at the Persian/Geneva Hotel by unidentified individuals in civilian clothing. However, what he did not know was who seized it, why it

was seized, what case number was assigned to the seizure, what asset identification number was assigned to the seizure, or how he could claim return of his money. That is why actually receiving the DEA Notice of Seizure is so important and vital to an individual's ability to timely claim return of seized property.

The fact that the DEA is aware that Mr. Walteros has had to hire lawyers to investigate, locate, and claim return of his money, and has done so before the entry of a Declaration of Forfeiture further requires that this matter be referred for judicial review. Should the DEA decide that it will not refer this matter for judicial review, we will be left with no alternative but to initiate a proceeding through the courts for violation of Mr. Walteros due process rights. Should we be forced to file a formal lawsuit, we will also be seeking attorneys fees and costs pursuant to 42 USC § 1988.

Should you be interested in discussing this matter or have any questions or concerns, please contact this office. Otherwise, please refer this matter for judicial review.

Sincerely,

Juan D. Berrio, Esq.

3

**BERRIO & BERRIO, P.A.**
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

January 23, 2017

Via U.S. Mail-Certified Receipt Requested
#7001 2510 0002 1803 9445

DEA Forfeiture Counsel
Asset Forfeiture Section
8701 Morrissette Drive
Springfield, VA 22152

Re:   Claimant: Jose Walteros
      Property Seized: $212,430.00 in U.S. Currency
      Date of Seizure: July 2, 2016
      Place of Seizure: Miami Beach, Florida

Dear Sir/ Madam:

Please be advised that this office represents Jose Walteros who had the above referenced currency seized from him on or about July 2, 2016, in Miami Beach, Florida. Mr. Walteros is a Colombian national who resides in Colombia and at the time of seizure was *not* provided with a property receipt, case number, business card, or any other type of identifying information from the agents that seized his money. He hired this office to locate and claim return of his money and after much investigation it has been determined that the money was seized by the DEA.

Therefore, enclosed, please find a verified claim in compliance with the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 USC 983(a)(2). Should your office be interested in resolving this matter amicably without the need for protracted litigation, please contact this office. Otherwise, please refer this matter to the United States Attorney's office for the Southern District of Florida as the currency was seized in said District. Thank you for your anticipated attention to this matter.

Sincerely,

Juan D. Berrio, Esq.

## VERIFIED CLAIM

Re:  **Claimant: Jose Walteros**
**Property Seized: $212,430.00 in U.S. Currency**
**Date of Seizure: July 2, 2016**
**Place of Seizure: Miami Beach, Florida**

1.  <u>English</u>: My name is Jose Walteros and I reside in Colombia.

    <u>Spanish</u>: Mi nombre es Jose Walteros y yo resido en Colombia.

2.  <u>English</u>: I claim return of approximately $212,430.00 in U.S. Dollars which was taken from me on or about July 2, 2016 while I was in Miami Beach, Florida.

    <u>Spanish</u>: Reclamo que me devuelvan aproximadamente $212,430.00 dolares que me quitaron el 2 de Julio del 2016 mientras que yo estaba en Miami Beach, Florida.

3.  <u>English</u>: I am the owner of said money and it represents proceeds from my legal commercial dealings.

    <u>Spanish</u>: Soy el dueño de ese dinero y representa dinero de mis negocios comerciales legitimos.

4.  <u>English</u>: At the time of seizure, I was not provided with any receipts, business cards, names, case numbers, or any information on how to claim return of my money. I returned to my home in Colombia and have had to hire Berrio & Berrio, P.A., to locate and claim return of my money.

    <u>Spanish</u>: En el momento de la incautacion, no me dieron recibo, tarjetas de negocio,



1





nombres, numeros de caso, o cualquier informacion sobre como reclamar la devolucion de mi dinero. Regrese a mi casa en Colombia y he tenido que contratar a Berrio & Berrio, P.A., para localizar y reclamar la devolucion de mi dinero.

6.  <u>English</u>: I hereby authorize my attorneys at Berrio & Berrio, P.A., to act in my stead with regard to my claim.

   <u>Spanish</u>: Autorizo a mis abogados de Berrio & Berrio, P.A., que actuen de mi parte en mi reclamo.

7.  <u>English</u>: My seized monies should be returned to Berrio & Berrio, P.A.-Trust Account.

   <u>Spanish</u>: Mi dineros decomisados deben de ser devueltos a Berrio & Berrio,  P.A. Trust Account.

8.  <u>English</u>: I declare under penalty of perjury that the information provided in support of this verified claim is true and correct to the best of my knowledge and belief.

   <u>Spanish</u>: Declaro bajo penalidad de perjurio que la informacion apoyando este reclamo es cierta y correcta segun mi saber y conocimiento.

Jose Walteros
No. de Cedula _7 9 7 · 5 9 7 4 3_

2

2017 JAN 26  PH 3: 31
ASSET FORFEITURE SECTION
RECEIVED



## DILIGENCIA DE AUTENTICACIÓN DE FIRMA Y HUELLA

**Notaría Tercera**

Ante la NOTARÍA 3 de este Círculo, Compareció:

**WALTEROS ORTIZ JOSE JAIR**
quien se identificó con    C.C.   79759743
y declaró que la firma y huella dactilar que aquí aparecen, son suyas y por lo tanto son auténticas.

Bogotá D.C.    23/01/2017    a las    10:49:13 a. m.
6h6gh6t5v5rfvrf6

HUELLA DEL ÍNDICE
DERECHO

**HECTOR ADOLFO SEGURA VARELA**
**NOTARIO 3 DEL CÍRCULO DE BOGOTÁ**

www.notariaenlinea.com
0001ZEOCWEBRBSY
FF

2017 JAN 26   PM 3:54

RECEIVED
ASSET FORFEITURE SECTION



## BERRIO & BERRIO, P.A.
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

March 14, 2017

Via U.S. Mail - Certified Receipt Requested
#7014 3490 0002 3374 7880

Merri Hankins (Senior Attorney)
Forfeiture Counsel
Drug Enforcement Administration (DEA)
8701 Morrissette Drive
Springfield, VA 22152

RE:  Freedom of Information Act (FOIA request)
DEA Case No. G1-12-0446
Asset ID No. 16-DEA-623423

Dear Ms. Hankins:

As you should know, please be advised that this office represents Jose Walteros with regards to the above referenced case where the DEA seized $212,430.00 in U.S. currency from his person on July 2, 2016 at the Parisian/Geneva Hotel on Miami Beach, Florida.

Pursuant to 5 U.S.C. §552, the Freedom of Information Act (FOIA), please forward to this office *any and all information, investigative reports, and/or supplemental reports* that the DEA has prepared, gathered, and/or have compiled which relate to their investigation of the above referenced case.

Should your office/department contend that portions of the requested documents are exempt from disclosure, we request, pursuant FOIA, that you state the basis for each claimed exemption and provide a redacted copy of said documents. We will pay reasonable costs for the photocopies as provided by the statute.

Please respond and forward a copy of these materials and/or documents to this office within twenty (20) days of your receipt of this FOIA request as is required by 5 U.S.C. § 552(a)(6)(A). Your prompt compliance is greatly appreciated.

Sincerely,

Juan D. Berrio, Esq.

**CERTIFIED MAIL**

7014 3490 0002 3374 7880

Merri Hankins (Senior Attorney)
Forfeiture Counsel
Drug Enforcement Administration (DEA)
8701 Morrissette Drive
Springfield, VA 22152

**Berrio & Berrio, P.A.**
Attorneys at Law

2333 Brickell Avenue
Suite A-1
Miami, Florida 33129

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Merri Hankins, ESQ.,
DEA Forfeiture Counsel,
8701 Morrissette Drive
Springfield, VA 22152

9590 9402 2367 6249 3052 38

2. Article Number (Transfer from service label)

7014 3490 0002 3374 7880

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# **<u>EXHIBIT D</u>**

**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*

APR 1 3 2017

Juan D. Berrio
Attorney at Law
2333 Brickell Avenue, Suite A-1
Miami, Florida  33129

Dear Mr. Berrio,

    The Drug Enforcement Administration (DEA) is in receipt of your letter dated March 14, 2017, on behalf of your client, Jose Walteros ("Walteros").  In your letter, you make four arguments. First, you opine that DEA's notice of seizure mailed to the only address the DEA had for Walteros was insufficient.  Specifically, you argue that DEA should have known that the Deauville Hotel was not Walteros' permanent address; DEA should have known that Walteros was in the process of moving to the Parisian/Geneva Hotel as DEA approached him at that location. Second, you charge that DEA did not give Walteros a receipt as Walteros did not sign the receipt given to him at the time. Third, you allege that Walteros did not know that DEA seized the money, although the agents identified themselves at the time.  Fourth, you argue that Walteros reached out to DEA searching for the money, as he did not know who had it.

    None of your arguments are persuasive.  DEA sent notice to the only known address for Walteros -- his hotel.  He refused to provide an address to the DEA special agents.  Walteros' identification, a Colombian driver's license, did not list an address.  DEA agents approached Walteros in a small parking area, not an obvious hotel parking lot.  If true that he was moving to the Parisian/Geneva Hotel, there was absolutely no reason why he could not have simply pointed to the hotel when asked for his address.  DEA does not ask individuals to sign the receipt form.  While DEA received a mysterious call from a Miami attorney concerning this seizure, Walteros was never identified as the client. It is still not clear that it was Walteros inquiring as at time of seizure, Walteros denied that the money was his.

    While the time period in which to file a petition for remission or mitigation has expired, as a matter of discretion, DEA grants Walteros twenty ( 20 ) days from the date of your receipt of this letter to file a petition.  See 28 C.F.R.  Parts 8 & 9.  A petition must be sworn to under penalty of perjury.  Your client may include any verifiable documentation demonstrating a legitimate source for the currency that he would like DEA to consider.

Juan D. Berrio                                                              page 2

   Further correspondence with this office must include the DEA Case and Asset ID numbers
referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug
Enforcement Administration, HQs Forfeiture Response, 8701 Morrissette Drive, Springfield,
Virginia  22152.

                                             Sincerely,

                                             Merri Hankins
                                             Senior Attorney

# <u>EXHIBIT E</u>

(COMPOSITE)

**BERRIO & BERRIO, P.A.**
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone (305)358-0940
Facsimile (305)359-9844
Email: jdberrio@hotmail.com

April 21, 2017

Via Certified U.S. Mail
# 7015 1520 0000 8526 0303

Merri Hankins (Senior Attorney)                    **Third Request for**
DEA-HQs Forfeiture Response                        **Judicial Review**
8701 Morrissette Drive
Springfield, Virginia 22152

     Re:    DEA Case No. G1-12-0446
              Asset ID No. 16-DEA-623423
              Claimant: Jose Walteros
              Property Seized: $212,430.00 in U.S. Currency
              Date of Seizure: July 2, 2016
              Place of Seizure: Miami Beach, Florida

Dear Ms. Hankins:

I am in receipt of your correspondence dated April 13, 2017 offering DEA administrative review for the above referenced seizure and forfeiture case. Although your offer is appreciated, we hereby request judicial review through the courts and are ready, willing, and able to pursue it if the DEA is not willing to refer this case to the corresponding United States Attorney's Office. Should it be necessary to file a formal lawsuit to obtain judicial review of this matter, please be advised that in addition to seeking return of the seized property we will also be seeking attorney's fees and costs for having to take the DEA to court to obtain the requested judicial review and Due Process. See 42 U.S.C. § 1988.

I believe an impartial federal judge will be more receptive to our sworn evidence (Claimant Walteros' affidavit) and our arguments regarding the sufficiency of notice and circumstances surrounding the seizure especially in light of the fact that you offer *no evidence* but general denials. In fact, I have personally interviewed two (2) independent witnesses that confirm Claimant Walteros account of the July 2, 2016 encounter and seizure; namely that civilian dressed individuals approached Claimant Walteros at the Parisian/Geneva Hotel parking area, did not identify themselves, briefly spoke to Claimant Walteros, and thereafter took his property without providing any receipts, business cards, or identification. The independent witnesses described the whole incident as "fishy" and everyone believed that Claimant Walteros had been robbed.

1

I am sure that a federal judge would find these independent witnesses persuasive if it is necessary to file a formal lawsuit to obtain Due Process through the courts. As such, please refer this matter to the corresponding United States' Attorneys Office for judicial review. For that purpose enclosed please find Claimant Walteros' verified claim pursuant to 18 U.S.C. § 983, the Civil Asset Forfeiture Reform Act of 2001 ("CAFRA"). Additionally, please provide the status of our Freedom of Information Act ("FOIA") request received by your office on March 20, 2017 since your April 13, 2017 correspondence does not address it. Thank you for your time and attention to this matter.

Sincerely,

Juan D. Berrio, Esq.

<u>VERIFIED CLAIM</u>

Re:   Claimant: Jose Walteros
       Property Seized: $212,430.00 in U.S. Currency
       Date of Seizure: July 2, 2016
       Place of Seizure: Miami Beach, Florida

1.   <u>English</u>: My name is Jose Walteros and I reside in Colombia.

     <u>Spanish</u>: Mi nombre es Jose Walteros y yo resido en Colombia.

2.   <u>English</u>: I claim return of approximately $212,430.00 in U.S. Dollars which was

     taken from me on or about July 2, 2016 while I was in Miami Beach, Florida.

     <u>Spanish</u>: Reclamo que me devuelvan aproximadamente $212,430.00 dolares que me

     quitaron el 2 de Julio del 2016 mientras que yo estaba en Miami Beach, Florida.

3.   <u>English</u>: I am the owner of said money and it represents proceeds from my legal

     commercial dealings.

     <u>Spanish</u>: Soy el dueño de ese dinero y representa dinero de mis negocios comerciales

     legitimos.

4.   <u>English</u>: At the time of seizure, I was not provided with any receipts, business cards,

     names, case numbers, or any information on how to claim return of my money. I

     returned to my home in Colombia and have had to hire Berrio & Berrio, P.A., to

     locate and claim return of my money.

     <u>Spanish</u>: En el momento de la incautacion, no me dieron recibo, tarjetas de negocio,



1



2017 MAR 20 PM 3: 39
RECEIVED
ASSET FORFEITURE SECTION

2017 JAN 26 PM 3: 31
ASSET FORFEITURE SECTION



nombres, numeros de caso, o cualquier informacion sobre como reclamar la devolucion de mi dinero. Regrese a mi casa en Colombia y he tenido que contratar a Berrio & Berrio, P.A., para localizar y reclamar la devolucion de mi dinero.

6. <u>English</u>: I hereby authorize my attorneys at Berrio & Berrio, P.A., to act in my stead with regard to my claim.

   <u>Spanish</u>: Autorizo a mis abogados de Berrio & Berrio, P.A., que actuen de mi parte en mi reclamo.

7. <u>English</u>: My seized monies should be returned to Berrio & Berrio, P.A.-Trust Account.

   <u>Spanish</u>: Mi dineros decomisados deben de ser devueltos a Berrio & Berrio, P.A. Trust Account.

8. <u>English</u>: I declare under penalty of perjury that the information provided in support of this verified claim is true and correct to the best of my knowledge and belief.

   <u>Spanish</u>: Declaro bajo penalidad de perjurio que la informacion apoyando este reclamo es cierta y correcta segun mi saber y conocimiento.

   _____
   Jose Walteros
   No. de Cedula  7 9 7·5 9 7 4 3

2

2017 JAN 26  PM 3: 31

ASSET FORFEITURE SECTION

2017 MAR 20  PM 3: 39
RECEIVED
ASSET FORFEITURE SECTION



**Notaría Tercera**

DILIGENCIA DE AUTENTICACIÓN DE FIRMA Y HUELLA

Ante la NOTARÍA 3 de este Círculo, Compareció

**WALTEROS ORTIZ JOSE JAIR**
quien se identificó con    C.C.   79759743
y declaró que la firma y huella dactilar que aquí aparece, son suyas y por lo tanto son auténticas

Bogota D.C.  23/01/2017    a las     10:49:13 a. m.
6h6gh6t5v5rfvrt6

HÉCTOR ADOLFO CINTURA VARELA
NOTARIO 3 DEL CÍRCULO DE BOGOTÁ
D.C.

www.notariaonlinea.com



3sq.
P.A.
venue, Suite A-1
9

**CERTIFIED MAIL**



7015 1520 0000 8526 0303



UNITED STATES POSTAGE
$007.40°
PITNEY BOWES

Merri Hankins (Senior Attorney)
DEA-HQs Forfeiture Response
8701 Morrissette Drive
Springfield, Virgina 22152

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Merri Hankins (Senior Attorney)<br>DEA-HQs Forfeiture Response<br>8701 Morrissette Drive<br>Springfield, Virgina 22152 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below:   ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 1239 5246 1982 71 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7015 1520 0000 8526 0303 | |
| PS Form **3811**, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

# <u>EXHIBIT F</u>

**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*                                June 7, 2017

Via Certified Mail-Receipt Requested
Juan D. Berrio
Attorney at Law
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129

Re:    DEA Case No.  G1-12-0446
        Asset ID No.  16-DEA-623423
        Property:  $212,430.00

Dear Mr. Berrio,

    The Drug Enforcement Administration (DEA) received your letter dated April 21, 2017.  DEA forfeited the $212,430.00 on May 2, 2017.

    As detailed to you in my letter of April 13, 2017, DEA attempted to notify your client, Jose Walteros, on two occasions at the only address known for him.  Your client waited until after the last date to file a claim (October 28, 2016) as listed in the readily available publication containing his name on www.forfeiture.gov.  October 28, 2016, was the deadline for interested parties who did not receive personal notification.  DEA fulfilled its duty to notify your client both by publication and by personal written notice.  28 C.F.R. § 8.9 (a)(ii) & (b).  Your client refused to provide an address to the agents when asked to do so, then waited over four months to contact law enforcement, despite having been issued a receipt labelled "U.S. Department of Justice, Drug Enforcement Administration."

    DEA has completed the administrative process.  Your client failed to exercise his administrative remedies or file a timely claim.  This matter is now closed in this office.

                        Respectfully,

                        Merri Hankins
                        Senior Attorney
                        Asset Forfeiture Section

# **EXHIBIT G**

## (COMPOSITE)

## AFFIDAVIT/DECLARACION



Re:    **Claimant: Jose Walteros**
**Property Seized: $212,430.00 in U.S. Currency**
**Date of Seizure: July 2, 2016**
**Place of Seizure: Miami Beach, Florida**

1.    <u>English</u>: My name is Jose Walteros and I reside in Colombia.

    <u>Spanish</u>: Mi nombre es Jose Walteros y yo resido en Colombia.

2.    <u>English</u>: On July 2, 2016, when my money was seized from me at the Parisian/Geneva hotel on Miami Beach, Florida, one of the individuals that took my money and spoke Spanish asked me "why we were there?" and I told him in Spanish that "we had a reservation and we were registering to stay at that hotel and that we were going to stay there at the Parisian/Geneva hotel a few days."

    <u>Spanish</u>: El 2 de Julio del 2016, cuando me quitaron mi dinero en el hotel Parisian/Geneva en Miami Beach, Florida, uno de los individuos que me quito el dinero y hablaba espanol me pregunto que "por que etabamos ahí?" y yo le dije en español que "teníamos una reserva y nos estabamos registrando para hospedarnos en ese hotel y que ibamos a quedarnos allí unos dias en el hotel Parisian/Geneva."

3.    <u>English</u>: I declare under penalty of perjury that the information provided in this affidavit is true and correct.

    <u>Spanish</u>: Yo declaro bajo penalidad de perjurio que la informacion en esta declaracion es verdad y correcta.

                         *[signature]*

Jose Walteros

No. de Cedula _79759743 BTA_





COMO NOTARIA ÚNICA DE SABANETA
ANTIOQUIA,

DOY FE

Que la(s) firma(s) que aparece(n) en este
documento corresponde(n) a:

José Jair· Walteros Ortiz.

CC Nº 79759743 Bogotá

sabaneta

NOTARIA ÚNICA DE
SABANETA

1 2 SEP 2017

SE AUTENTICA EL PRESENTE
DOCUMENTO A SOLICITUD DEL
(LOS) INTERESADO(S)

LA NOTARIA ÚNICA DE SABANETA ANTIOQUIA
CERTIFICA: QUE LA HUELLA DACTILAR QUE
AQUI APARECE FUE IMPRESA POR:

José Jair· Walteros

Ortiz    79759743





HUELLA ÍNDICE DERECHO

NOTARIA ÚNICA DE
SABANETA

1 2 SEP 2017



Libertad y Orden

# REPÚBLICA DE COLOMBIA
## MINISTERIO DE RELACIONES EXTERIORES
# APOSTILLE
### (Convention de La Haye du 5 Octobre 1961)

**País:** **REPUBLICA DE COLOMBIA**
(Country: - Pays:)

**El presente documento público**
(This public document - Le présent acte public)

**Ha sido firmado por:** **CUARTAS VANEGAS MARTHA LUCIA**
(Has been signed by:
A été signé par:)

**Actuando en calidad de:** **NOTARIO**
(Acting in the capacity of:
Agissant en qualité de:)

**Lleva el sello/estampilla de:** **NOTARIAS ANTIOQUIA**
(Bears the seal/stamp of:
Est revêtu du sceau/de timbre de:)

**Certificado**
(Certified - Attesté)

**En:** **BOGOTA - EN LÍNEA**
(At: - Á: )

**El:** **9/14/2017 11:13:49 a. m.**
(On: - Le:)

**Por:** **APOSTILLA Y LEGALIZACIÓN**
(By: The Ministry of Foreign Affairs of Colombia  -  Par: Ministère des Affaires Étrangères de la Colombie )

**No:** **A2RJO1114468570**
(Under Number: - Sous le numéro:)

Firmado Digitalmente por: (Digitally Signed by:)
Ministerio de Relaciones Exteriores de Colombia
ALFONSO DE JESUS VELEZ RIVAS
Reason: DOCUMENT AUTHENTICITY
BOGOTA - COLOMBIA

**Firma:** (Signature:)

**Nombre del Titular:** **JOSE WALTEROS**
(Name of the holder of document:
Nom du titulaire:)

**Tipo de documento:** **CARTA**
(Type of document:  -  Type du document:)

**Número de hojas apostilladas: 2**
(Number of sheets:  -  Nombre de feuilles:)

070040005507405

Expedido (mm/dd/aaaa): 09/12/2017

El Ministerio de Relaciones Exteriores, no asume la responsabilidad por el contenido del documento apostillado. Artículo 3 Ley 455/98

La autenticidad de esta apostilla puede ser verificada en el Registro Electrónico que se encuentra en la siguiente página web:
The authenticity of this Apostille may be verified by accessing the e-Register on the following web site:
L'authenticité de cette Apostille peut être vérifiée en accédant l'e-Registre sur le site web suivant:

# www.cancilleria.gov.co/apostilla

