United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Walteros, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23641-Civ-Scola |
| United States of America Drug | ) |
| Enforcement Administration, | ) |
| Defendant. | ) |

**Order on Motion to Dismiss and Referral to Magistrate Judge for Evidentiary Hearing**

This matter is before the Court on the Defendant's motion to dismiss the Complaint/Motion/Petition to Set Aside DEA Administrative Forfeiture ("Complaint") for insufficient service of process and failure to state a claim upon which relief may be granted (ECF No. 7). For the reasons set forth below, the Court **grants in part and denies in part** the Defendant's motion (ECF No. 7).

1. **Background**

The Complaint alleges that the United States Drug Enforcement Administration ("DEA") seized $212,430 in U.S. currency from Plaintiff Jose Walteros without a warrant on July 2, 2016, in the parking area of the Parisian/Geneva Hotel & Suites (the "Parisian") in Miami Beach, Florida. (Compl. ¶¶ 1, 3, ECF No. 1.) At the time, Walteros did not know that the men who seized the money were DEA agents. (*See id.* ¶¶ 1, 2-5.) The Plaintiff alleges that he told the agents that he and his family would be staying at the Parisian for several days, and that the agents did not provide him with business cards or a receipt for the seizure. (*Id.* ¶¶ 2-3.) After Walteros returned to Colombia, he hired a private investigator in Florida to find out who had taken his money, and the investigator eventually discovered that the money had been seized by the DEA. (*Id.* ¶¶ 4-5.)

Sometime thereafter, Walteros hired counsel to assist him in recovering the money from the DEA. (*Id.* ¶ 6.) On January 23, 2017, Walteros's counsel sent the DEA a verified claim requesting return of the money and judicial review. (*Id.* ¶ 7.) A month later, the DEA responded, stating that the time to file a verified claim requesting judicial review had expired. (*Id.* ¶ 8.) After Walteros's counsel submitted a verified claim and requested judicial review on two more

occasions and sent a Freedom of Information Act ("FOIA") request to the DEA, the DEA notified Walteros's counsel on June 7, 2017 that it had administratively forfeited the property on May 2, 2017. (*Id.* ¶¶ 9-12.)

On October 4, 2017, Walteros filed this action, requesting that the Court set aside the administrative forfeiture. Walteros also requests that the Court order the DEA to return the money to Walteros pursuant to Federal Rule of Criminal Procedure 41(g) and prohibit the DEA from pursuing a forfeiture action against the property at any time in the future.

## 2. Legal Standard

### A. Insufficient Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss for insufficient service. "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir. 1980)[1]; *see also Andujar v. All Coast Transporters, Inc.,* No. 12–62091, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (Cohn, J.); *but see Fru Veg Mktg., Inc. v. Vegfruitworld Corp.,* 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (Ungaro, J.) (finding that the defendant has the initial burden "of challenging the sufficiency of service and 'must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4," before the burden shifts to the plaintiff to establish a *prima facie* case for valid service); *Hollander v. Wolf,* No. 09–80587–CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (Ryskamp, J.) (same).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

3. **Analysis**

   **A. Insufficient Service of Process**

   Pursuant to Federal Rule of Civil Procedure 4(i)(A), the Plaintiff must serve the DEA by:

   (i) Delivering a copy of the summons and the complaint to the United States attorney for the district where the action is brought, or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or

   (ii) Sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and sending a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

In addition, pursuant to Rule 4(i)(2), the Plaintiff must send a copy of the summons and complaint by registered or certified mail to the agency.

The DEA acknowledges that the civil-process clerk at the United States Attorney's Office for the Southern District of Florida received a copy of the summons and complaint by certified mail. (Mot. 6.) However, the DEA asserts that "it does not appear" that the DEA and the Attorney General were served. (*Id.*) Somewhat inconsistently, the DEA next asserts that "[w]hile it is possible

that such service has been made, no proof of service . . . has been made to the Court."

The Court notes that the DEA filed its motion on December 9, 2017, and the Plaintiff had until January 2, 2018 to effect service. On December 13, 2017, the Plaintiff filed proof of service (ECF No. 9). The proof of service consists of certified mail receipts that show that the Plaintiff served the Attorney General and Merri Hawkins, a senior attorney at the DEA's headquarters, on October 10, 2017. (*Id.*) Thus, the Plaintiff's response to the Defendant's motion argues that the DEA was properly served. (Resp., ECF No. 10.) The DEA did not file a reply, or otherwise dispute the proof of service filed by the Plaintiff. Therefore, the Court finds that the Plaintiff has properly served the Defendant.

### B. Failure to State a Claim

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") requires the Government to send written notice to interested parties in any nonjudicial civil forfeiture proceeding. 18 U.S.C. § 983(a)(1)(A)(i). The notice must be sent no more than 60 days after the date of the seizure of property. *Id.* The "notice must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." *Valderrama v. United States*, 326 F. Supp. 2d 1333, 1338-39 (S.D. Fla. 2004) (King, J.) *aff'd sub nom. Mesa Valderrama v. United States*, 417 F.3d 1189 (11th Cir. 2005) (quoting *Larry Dean Dusenbery v. United States,* 534 U.S. 161, 168 (2002)) (internal quotations and citations omitted). If an interested party does not receive notice, the party

> may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –
>
> (A)  The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B)  The moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

The DEA argues that the Complaint fails to establish both of the required elements. First, the DEA argues that the Plaintiff cannot establish that he did not know of the seizure because the Complaint alleges that he was present at the time of the seizure. The DEA relies on two cases in support of this position.

In *Miller v. Drug Enforcement Administration*, the Sixth Circuit noted that "[u]nder the plain language of the statute, it is irrelevant whether Plaintiff had actual notice of the *forfeiture proceedings* . . . It is only notice of the seizure that is controlling." 566 Fed. Appx. 395, 397 n. 2 (6th Cir. 2014) (emphasis in original). However, the plaintiff in *Miller* knew that his property was in the possession of a local police department, and was informed that the DEA would attempt to seize the property. *Id.* at 396. In addition, the DEA sent written notice of the seizure to the plaintiff by certified mail when it did in fact seize the property. *Id.*

In *Johnson v. U.S.*, No. 1:03-CV-00281-LJM, 2004 WL 2538649 (S.D. Ind. Oct. 22, 2004), a law enforcement task force comprised of multiple agencies executed a search warrant at the plaintiff's residence and seized 95 separate items of personal property. The plaintiff was present during the seizure and was later charged with three felony counts. *Id.* at *1. The plaintiff attempted to challenge the seizure of his property, but claimed that he had difficulty doing so because the items that were seized were held in different locations. *Id.* The court held that the plaintiff failed to show that he did not have reason to know of the seizure, noting that only one federal agency was involved in executing the warrant and seizing the property, and holding that it is knowledge of the seizure itself, not knowledge of which agency is in possession of the property after the seizure, that matters. *Id.* at *4. In addition, at least one court within the Eleventh Circuit has denied a motion to set aside an administrative forfeiture where a plaintiff had "actual knowledge of the DEA's participation and actual knowledge of the seizure of the currency by law enforcement officers." *VanHorn v. Drug Enforcement Admin.*, 677 F.Supp.2d 1299, 1311 (M.D. Fla. 2009).

The Court notes that all of the opinions discussed above were issued after evidentiary hearings were held. In each of the cases, the plaintiffs knew that law enforcement officers had seized their property. By contrast, here, the Complaint acknowledges that Walteros was present at the time of the seizure, but alleges that Walteros had to hire a private investigator to determine who took his money and why. Moreover, the letters from Walteros's counsel to the DEA that are attached to the Complaint allege that the money was seized "by unidentified individuals in civilian clothing," and that "civilian dressed individuals approached Claimant Walteros . . . did not identify themselves . . . and thereafter took his property without providing any receipts, business cards, or identification." (Compl. 26, 39.) Thus, contrary to the cases discussed above, the allegations in the Complaint are sufficient to draw a reasonable inference that the Plaintiff did not know that it was law enforcement officers who took his money. The DEA disputes the allegations in the Complaint

concerning Walteros's knowledge, but the Court must accept the allegations as true for purposes of a motion to dismiss. *Hishon*, 467 U.S. at 73.

Next, the DEA argues that it took reasonable steps to provide the Plaintiff with notice of the seizure, relying on various assertions of fact concerning its attempts to provide notice. (Resp. 3-5, 11-2.) Once again, the Court notes that it must accept the Plaintiff's allegations as true for purposes of a motion to dismiss. *Hishon*, 467 U.S. at 73. The Complaint alleges that the DEA sent a written notice of the seizure to the Deauville Hotel, despite the fact that DEA agents knew that the Plaintiff was no longer staying there and had moved to the Parisian. (Mot. 6.) Thus, the allegations in the Complaint are sufficient to draw an inference that the DEA failed to take reasonable steps to provide Walteros with notice.

Finally, the DEA argues that the Court does not have jurisdiction over the Plaintiff's request for injunctive relief under Federal Rule of Criminal Procedure 41(g) because a motion to set aside an administrative forfeiture under 18 U.S.C. § 1983(e) is the only remedy available once administrative forfeiture has been completed. (Mot. 13-15.) Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, 18 U.S.C. § 1983(e)(5) provides that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture," and the Eleventh Circuit has held that Rule 41(g) "applies only to criminal proceedings and is expressly inapplicable to forfeiture of property in violation of a statute of the United States." *Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1544 n.4 (11th Cir. 1990) (citations omitted); *see also U.S. v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (citations omitted) ("A rule 41(e)[2] motion is unavailable, however, when property is retained pursuant to civil forfeiture instead of for use as evidence."). Therefore, the DEA is correct that the Court does not have jurisdiction over the Plaintiff's request for injunctive relief under Rule 41(g).

### 4. Conclusion

Accordingly, the Court **grants in part and denies in part** the DEA's motion to dismiss. The Court **denies** the DEA's motion to dismiss for insufficient service of process, and **denies** the DEA's request to dismiss the Plaintiff's claim under 18 U.S.C. § 1983(e). However, the Court **grants** the DEA's request to dismiss the Plaintiff's claims under Federal Rule of Criminal Jurisdiction 41(g), and dismisses those claims for lack of jurisdiction.

---

[2] Rule 41(g) was previously Rule 41(e).

The Court **refers** this matter to United States Magistrate Judge Edwin G. Torres to conduct an evidentiary hearing and for a report and recommendations on the merits of the Plaintiff's Complaint/Motion/Petition to Set Aside DEA Administrative Forfeiture and Motion for Return of Property, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

**Done and ordered** in chambers, at Miami, Florida, on January 23, 2018.

Robert N. Scola, Jr.
United States District Judge